MCCULLOCH KLEINMAN LAW
Kevin P. McCulloch
kevin@mkiplaw.com
Nate A. Kleinman
nate@mkiplaw.com
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEC BYRNE, *Plaintiff*, v. PEOPLE INC., *Defendant*. | Civil Action No.: **COMPLAINT AND DEMAND FOR A JURY TRIAL** |

Plaintiff Alec Byrne ("Byrne" or "Plaintiff"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and for his Complaint against Defendant People Inc. ("Defendant" or "People"), hereby asserts and alleges as follows:

1

**PARTIES**

1. Plaintiff Byrne is a well-known music photographer whose work primarily documented the rock-and-roll scene in London, U.K., during the 1960s and 1970s.

2. Plaintiff emigrated to the United States from the U.K. in or about 1975 and is a resident of California.

3. Plaintiff's photographs have been exhibited internationally, with select works included in the permanent collection of the National Portrait Gallery in London.

4. Defendant People Inc. is an Iowa corporation with offices throughout the US, including at 225 Liberty Street, 4th Floor, New York, NY 10281.

5. Upon information and belief, Defendant owns and operates various websites, including https://www.people.inc/, which serves as the company's primary corporate website, and https://people.com/, which is the online, digital publication of "PEOPLE" magazine, which is owned by Defendant.

6. According to a recent press available on Defendant's corporate website (and linked to URL: https://www.prnewswire.com/news-releases/dotdash-meredith-is-now-people-inc-302518654.html), Defendant is "the largest digital and print publisher in America."

7. Also according to that press release, Defendant formerly was called and conducted business as Dotdash Meredith, but changed its name in 2025 to People Inc. in order to "tap[] the power of its flagship title PEOPLE, one of the most beloved media brands in America."

**JURISDICTION AND VENUE**

8. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the

Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendant giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) since Defendant resides or may be found in this District.

10. Upon information and belief, Defendant maintains its primary offices and conducts substantial, continuous business in the State of New York and in this District.

11. The "Terms of Service" provided on the People.com website provides that any disputes arising therefrom shall be governed by New York law and "will be litigated exclusively in the state courts in New York County, New York or federal courts located in the Southern District of New York."

**GENERAL ALLEGATIONS**

12. Plaintiff is the author and exclusive owner of the copyrights and related interests to/in a photograph of John F. Kennedy, Jr. with Daryl Hannah (the "Photograph"), of which a true and correct copy is attached hereto as Exhibit 1.

13. Upon information and belief, Defendant copied and published the Photograph without permission, authorization or a license.

14. Upon information and belief, Defendant published and displayed the Photograph in its "PEOPLE" magazine publication, including publishing the Photograph in an article on the PEOPLE website located at https://people.com/kennedy-family-members-who-dated-celebrities-8701384.

15. A true and correct copy of a screen capture of this page of the PEOPLE article is attached hereto as Exhibit 2.

16. Plaintiff requires discovery to determine the full extent of Defendant's use of the Photograph, including whether Defendant published the Photograph in other digital media or in the print version of PEOPLE magazine, as that information lies in the sole possession of Defendant.

17. Defendant never sought permission or a license from Plaintiff to copy and display the Photograph on its Website.

18. Upon information and belief, Defendant's unauthorized use of the Photograph deprived Plaintiff of his rightful licensing fees.

19. Upon information and belief, Defendant obtained a financial benefit from the infringing use of the Photograph.

## COUNT I
## COPYRIGHT INFRINGEMENT

20. Plaintiff repeats and re-alleges each allegation set forth in all paragraphs above as if set forth fully herein.

21. Plaintiff created and is the owner of all copyrights in and to the Photograph.

22. The Photograph was originally created in Palau, Micronesia, and published in the United Kingdom in 1993.

23. Works that are first published outside of the United States ("foreign works") are subject to copyright protection under the U.S. Copyright Act provided that country is a treaty party at the time of publication. *See* 17 U.S.C. § 104(b).

24. The U.K. was one of the original signatories and member parties to the Berne Convention for the Protection of Literary and Artistic Works of 1886 ("Berne Convention").

25. An approved registration is not a prerequisite to assert an infringement claim for foreign works. *See* 17 U.S.C. § 411.

26. Defendant infringed Plaintiff's copyrights by copying, displaying, publishing, and otherwise exploiting the Photographs without a license or permission.

27. By making unauthorized copies and other uses of Plaintiff's copyrighted work, Defendant illegally profited from the work and infringed Plaintiff's rights as the owner of the copyrights therein that are protected under Section 106 of the Copyright Act, causing Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

28. Upon information and belief, Defendant acted willfully, intentionally, and/or with reckless disregard of Plaintiff's copyright by failing to secure the rights and license necessary to copy, publish, display, and otherwise exploit the Photograph in its publications.

29. Upon information and belief, Defendant knew that it needed a license or permission to copy and publish the Photograph, including because it is a sophisticated business entity with significant experience in licensing third-party content to use in its publications.

30. By copying, distributing, displaying, publishing, and otherwise exploiting Plaintiff's copyrighted work, Defendant infringed Plaintiff's copyrights in the Photograph and caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

31. Plaintiff seeks all damages recoverable under the Copyright Act, including Defendant's profits attributable to the infringement and the actual damages suffered as a result of the infringement, including damage caused by the lack of compensation, credit, and attribution from the unauthorized copying of his Photograph, as well as any damage or diminution in the future licensing value of Plaintiff's work.

WHEREFORE, Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A preliminary and permanent injunction against Defendant from copying, displaying, distributing, advertising, promoting, and/or selling the infringing materials identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's work and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendant;

2. All allowable damages under Section 504 of the Copyright Act, including, but not limited to actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue, damage to the future licensing value of the work, and Defendant's profits attributable to the infringement;

3. Plaintiff's recoverable costs and attorneys' fees incurred in pursuing and litigating this matter, if so authorized by Section 505 of the Copyright Act;

4. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated:　October 17, 2025

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Kevin McCulloch*
　　　　　　　　　　　　　　　　　　　　　　Kevin P. McCulloch
　　　　　　　　　　　　　　　　　　　　　　McCulloch Kleinman Law
　　　　　　　　　　　　　　　　　　　　　　501 Fifth Avenue, Suite 1809
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　　　　　T: (212) 355-6050
　　　　　　　　　　　　　　　　　　　　　　F: (206) 219-6358